UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                    :    CIVIL ACTION NUMBER
                                               :
        Plaintiff,                             :    5:12-CV-1465 (GLS/TWD)
                                               :
    v.                                         :    COMPLAINT
                                               :
VILLAGE OF NORTH SYRACUSE, TOWN                :
OF CLAY, TOWN OF CICERO, NORTH                 :
SYRACUSE FIRE DEPARTMENT, CICERO               :    JURY TRIAL DEMANDED
FIRE DEPARTMENT, CLAY VOLUNTEER                :
FIRE DEPARTMENT, and MOYERS                    :
CORNER FIRE DEPARTMENT,                        :
                                               :
        Defendants.                            :
-------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et seq.*, to correct unlawful employment practices on the basis of age and to provide appropriate relief to employees of Defendants North Syracuse Fire Department, Cicero Fire Department, Clay Volunteer Fire Department, and the Moyers Corner Fire Department, which provide fire services to Defendants Village of North Syracuse, Town of Cicero, and Town of Clay.

The Equal Employment Opportunity Commission ("EEOC") alleges that Defendants Village of North Syracuse, Town of Cicero, and Town of Clay refused to allow North Syracuse Fire Department employees age 62 and older to accrue credit towards a "service award benefit" in the North Syracuse Fire Department Length of Service Award Program because of their age.

The EEOC alleges that Defendants Village of North Syracuse, Town of Cicero, and

Town of Clay refused to allow Cicero Fire Department employees age 60 and older to accrue credit towards a "service award benefit" in the Cicero Fire Department Length of Service Award Program because of their age.

The EEOC alleges that Defendants Village of North Syracuse, Town of Cicero, and Town of Clay refused to allow Clay Volunteer Fire Department employees age 62 and older to accrue credit towards a "service award benefit" in the Clay Fire Department Length of Service Award Program because of their age.

The EEOC alleges that Defendants Village of North Syracuse, Town of Cicero, and Town of Clay refused to allow Moyers Corner Fire Department employees age 62 and older to accrue credit towards a "service award benefit" in the Moyers Corner Fire Department Length of Service Award Program because of their age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of

Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the Village of North Syracuse has continuously been a political subdivision of the State of New York.

5. At all relevant times, the Village of North Syracuse has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6. At all relevant times, the Village of North Syracuse has continuously been doing business in the State of New York and the County of Onondaga, and has continuously had at least 20 employees.

7. At all relevant times, the Village of North Syracuse has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

8. At all relevant times, the Town of Cicero has continuously been a political subdivision of the State of New York.

9. At all relevant times, the Town of Cicero has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

10. At all relevant times, the Town of Cicero has continuously been doing business in the State of New York and the County of Onondaga, and has continuously had at least 20 employees.

11. At all relevant times, the Town of Cicero has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

12. At all relevant times, the Town of Clay has continuously been a political

subdivision of the State of New York.

13.    At all relevant times, the Town of Clay has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

14.    At all relevant times, the Town of Clay has continuously been doing business in the State of New York and the County of Onondaga, and has continuously had at least 20 employees.

15.    At all relevant times, the Town of Clay has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

16.    At all relevant times, the North Syracuse Fire Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

17.    At all relevant times, the North Syracuse Fire Department has continuously been doing business in the State of New York and the County of Nassau, and has continuously had at least 20 employees.

18.    At all relevant times, the Cicero Fire Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

19.    At all relevant times, the Cicero Fire Department has continuously been doing business in the State of New York and the County of Onondaga, and has continuously had at least 20 employees.

20.    At all relevant times, the Clay Volunteer Fire Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

21.    At all relevant times, the Clay Volunteer Fire Department has continuously been doing business in the State of New York and the County of Onondaga, and has continuously had

at least 20 employees.

22. At all relevant times, the Moyers Corner Fire Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

23. At all relevant times, the Moyers Corner Fire Department has continuously been doing business in the State of New York and the County of Onondaga, and has continuously had at least 20 employees.

## CONCILIATION

24. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

### Background

25. Pursuant to New York State law, fire districts and/or departments may establish a "Length of Service Award Program" ("LOSAP") in which volunteer firefighters earn "service award credit" toward a "service award," a benefit payable when firefighters retire. New York General Municipal Law §§214-219A.

26. A LOSAP can only be adopted, amended, and/or terminated by a referendum of the voters of each community covered by the fire department and/or fire district.

27. Pursuant to state law, fire districts and/or departments adopting a Service Award Program must establish an "entitlement age" at which firefighters become eligible for benefits; the entitlement age cannot be earlier than age 55 or later than the age at which the participant can receive an unreduced benefit under Title II of the Social Security Act, i.e., age 65. New York

General Municipal Law §215(4).

## Count I

29. Since at least October 16, 1992, and continuing since, Defendants Village of North Syracuse, Town of Clay, Town of Cicero, and the Cicero Fire Department have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

30. Effective April 1, 1990, the Cicero Fire Department adopted a LOSAP for its firefighters (the "Cicero LOSAP").

31. As originally enacted, the entitlement age for the Cicero LOSAP was age 65. The entitlement age was subsequently lowered to age 60.

32. Since at least October 16, 1992, active volunteer firefighters with the Cicero Fire Department age 60 and older cannot earn service award credit in the Cicero Fire Department LOSAP, because of their age, in violation of the ADEA.

## Count II

33. Since at least October 16, 1992, and continuing since, Defendants Village of North Syracuse, Town of Clay, Town of Cicero, and the Village of North Syracuse Fire Department have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

34. Effective April 1, 1991, the North Syracuse Fire Department adopted a LOSAP for its firefighters (the "North Syracuse LOSAP").

35. The entitlement age for the North Syracuse LOSAP was age 62.

36. Effective March 13, 2008, the North Syracuse LOSAP was amended to allow firefighters over age 62 to obtain service award credit. However, no retroactive credit was provided.

37. Between October 16, 1992, and March 13, 2008, active volunteer firefighters with the North Syracuse Fire Department age 62 and older could not earn service award credit in the North Syracuse LOSAP, because of their age, in violation of the ADEA.

### Count III

38. Since at least October 16, 1992, and continuing since, Defendants Village of North Syracuse, Town of Clay, Town of Cicero, and the Moyers Corner Fire Department have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

39. Effective April 4, 1991, the Moyers Corner Fire Department adopted a LOSAP for its firefighters (the "Moyers Corner LOSAP").

40. The entitlement age for the Moyers Corner LOSAP was age 62.

41. Effective April 4, 2005, the Moyers Corner LOSAP was amended to allow firefighters over age 62 to obtain service award credit. However, no retroactive credit was provided.

42. Between October 16, 1992, and April 4, 2005, active volunteer firefighters with the Moyers Corner Fire Department age 62 and older could not earn service award credit in the Moyers Corner Fire Department LOSAP, because of their age, in violation of the ADEA.

### Count IV

43. Since at least October 16, 1992, and continuing since, Defendants Village of North Syracuse, Town of Clay, Town of Cicero, and Clay Volunteer Fire Department have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

44. Effective April 4, 1991, the Clay Fire Department adopted a LOSAP for its

firefighters (the "Clay LOSAP").

45. The entitlement age for the Clay LOSAP was age 62.

46. Effective April 4, 2005, the Clay LOSAP was amended to allow firefighters over age 62 to obtain service award credit. However, no retroactive credit was provided.

47. Between October 16, 1992, and April 4, 2005, active volunteer firefighters with the Clay Fire Department age 62 and older could not earn service award credit in the Clay Fire Department LOSAP, because of their age, in violation of the ADEA.

48. The effect of the practices complained of in paragraphs 25 through 47 above has been to deprive volunteer firefighters of equal employment opportunities and otherwise adversely affect their eligibility to receive employee benefits because of their age.

49. The unlawful employment practices complained of in paragraphs 25 through 47 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants North Syracuse Fire Department, Cicero Fire Department, Clay Volunteer Fire Department, Moyers Corner Fire Department, Village of North Syracuse, Town of Cicero, and Town of Clay, their officers, successors, assigns and all persons in active concert or participation with it, from discriminating against employees on the basis of age, and any other employment practice which discriminates on the basis of age.

B. Order Defendants North Syracuse Fire Department, Cicero Fire Department, Clay Volunteer Fire Department, Moyers Corner Fire Department, Village of North Syracuse, Town of Cicero, and Town of Clay to institute and carry out policies, practices and programs which

provide equal employment opportunities and benefits for older individuals, and which eradicate the effects of their past and present unlawful employment practices.

C. Grant an order requiring Defendants North Syracuse Fire Department, Cicero Fire Department, Clay Volunteer Fire Department, Moyers Corner Fire Department, Village of North Syracuse, Town of Cicero, and Town of Clay to desist and refrain from the practice of refusing to allow volunteer firefighters to accrue credit toward a service award.

D. Grant a judgment requiring Defendants North Syracuse Fire Department, Cicero Fire Department, Clay Volunteer Fire Department, Moyers Corner Fire Department, Village of North Syracuse, Town of Cicero, and Town of Clay to award volunteer firefighters affected by Defendants' illegal policies credit toward a service award in an appropriate amount to be determined at trial.

E. Grant a judgment requiring Defendants North Syracuse Fire Department, Cicero Fire Department, Clay Volunteer Fire Department, Moyers Corner Fire Department, Village of North Syracuse, Town of Cicero, and Town of Clay to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to retired volunteer firefighters whose service awards were denied or reduced as a result of the acts complained of above.

F. Order Defendants North Syracuse Fire Department, Cicero Fire Department, Clay Volunteer Fire Department, Moyers Corner Fire Department, Village of North Syracuse, Town of Cicero, and Town of Clay to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to service award credit for employees affected by their discriminatory policies.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
131 M Street, NW
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney

_____
Raechel Adams
Supervisory Trial Attorney

_____
Michael J. O'Brien (MOB-6409)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
tel:    212-336-3694
fax:   212-336-3623
e-mail: michael.obrien@eeoc.gov